UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KAITLYN EMERSON b/p/n/f ) <br> JANICE EMERSON AND RONALD EMERSON ) <br> and CHRISTOPHER EMERSON b/p/n/f ) <br> JANICE EMERSON AND RONALD EMERSON ) <br> and JANICE EMERSON AND RONALD EMERSON ) <br> INDIVIDUALLY ) <br>         Plaintiffs ) <br> ) <br> v. ) <br> ) <br> THE MORRELL CORPORATION d/b/a STORYLAND ) <br> and KENNYWOOD ENTERTAINMENT, INC. known ) <br> or believed successor corporation to The Morrell ) <br> Corporation ) <br>         Defendants ) | Case No. 1:07-cv-152-JM |

COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Kaitlyn Emerson b/p/n/f Janice Emerson and Ronald Emerson and Christopher Emerson b/p/n/f Janice Emerson and Ronald Emerson and Janice Emerson and Ronald Emerson Individually, by counsel, Boynton, Waldron, Doleac, Woodman & Scott, P.A., and respectfully submit this Complaint and Demand for Jury Trial, and stating in support thereof as follows:

A. NATURE OF THE CASE

1.   The plaintiffs in this case are a family who went to the Storyland Amusement Park in Glen, New Hampshire.  The minor child and daughter of the family, Kaitlyn Emerson, was caused severe head injuries as a result of the negligence of the operation of a particular ride at Storyland known as the tractor ride.  This case makes claims for recovery of all damages and losses caused by the negligence of the defendant resort owners and operators.

B.  PARTIES

2. The plaintiffs, Kaitlyn Emerson b/p/n/f Janice Emerson and Ronald Emerson and Christopher Emerson b/p/n/f Janice Emerson and Ronald Emerson and Janice Emerson and Ronald Emerson Individually, presently reside at 637 Owls Next Road, Shapleigh, Maine 04076.

3. The defendant, The Morrell Corporation, is known to have a mailing address of PO Box 130, Glen, New Hampshire 03838 and a Registered Agent of Nancy L. Morrell, Route 16, Glen, New Hampshire 03038.  Upon information and belief, as of the time of the incident causing injury to the plaintiffs occurring on June 12, 2004, the defendant, The Morrell Corporation, was the owner and operator of the Storyland Amusement Park.  The Morrell Corporation, on information and belief, is a New Hampshire corporation with a principal place of business in Glen, New Hampshire.

4. The defendant, Kennywood Entertainment, Inc., is known or believed to be a successor corporation or a corporation purchasing assets and potentially liabilities and assuming the same with respect to the operation of Storyland in a known or believed to be imminent purchase of the amusement park from The Morrell Corporation.  Based upon the status of that transaction being imminent and not knowing the specific details as to what is to transpire in that transaction, the plaintiffs also make claim against Kennywood Entertainment, Inc. as an additional defendant in this case.  Kennywood Entertainment, Inc. is known or believed to be a Pennsylvania corporation with a principal place of business at 480 Kennywood Boulevard, West Mifflin, Pennsylvania 15122.

## C. JURISDICTION AND VENUE

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, based on the diverse citizenship of the parties and the fact that the amount in controversy exceeds $75,000.00.

6.      This Court is the proper forum for this action, because all or the majority of the subject wrongful conduct took place in New Hampshire and because the defendant amusement park is operated in the State of New Hampshire and was owned as of the time of the incident alleged in this Complaint by a New Hampshire corporation, The Morrell Corporation.  See 28 U.S.C. § 1391(b)(1)(2).

COUNT I
(Negligence)

7.      On June 12, 2004, the plaintiffs, Kaitlyn Emerson b/p/n/f Janice Emerson and Ronald Emerson, and Christopher Emerson b/p/n/f Janice Emerson and Ronald Emerson, and Janice Emerson and Ronald Emerson Individually were patrons of the defendant, The Morrell Corporation d/b/a Storyland, at the Storyland Amusement Park located in Glen, New Hampshire, which, upon information and belief, is now subject to an imminent sale to a buyer or successor corporation by the name of Kennywood Entertainment, Inc., all of which together and collectively shall be referred to herein as the "defendant."

8.      That while patrons of the defendant's amusement park, the plaintiffs were owed certain duties of care by the defendant, including, but not limited to, the defendant's duty to properly and safely operate the amusement events at their facility to which they attract patrons for profit such as the plaintiffs in this case and also including the duty to properly supervise, control, warn and operate amusement facilities and attractions at the defendant's amusement park and to

properly train and supervise employees relating to the same.

      9.     That on June 12, 2004, the plaintiff, Kaitlyn Emerson, was attempting to load onto the tractor ride in the area of the wheelchair loading area and one or more of the defendant's attendants or employees breached the standards of care stated above owed to Kaitlyn Emerson and her family and negligently began the operation of the tractor amusement and continued on with the operation of the tractor amusement resulting in Kaitlyn suffering serious bodily injuries as a result of falling from the amusement and otherwise being struck while in the course of loading and having fallen from the amusement that the defendant had negligently operated through its employees and representatives.

      10.    That the plaintiffs, Christopher Emerson b/p/n/f Janice Emerson and Ronald Emerson, and Janice Emerson and Ronald Emerson individually, were percipient witnesses of the negligence of the defendants as well as the direct and proximate consequences and results of the negligence of the defendants in causing the severe bodily injuries to Kaitlyn Emerson and that Christopher Emerson b/p/n/f Janice Emeson and Ronald Emerson, as well as Janice Emerson and Ronald Emerson individually, have suffered emotional distress and mental anguish with physical manifestation of the same as a result of their percipient observation of the circumstances of the negligence of the defendant as well as the injuries and injury conditions to Kaitlyn Emerson.

      11.    That Kaitlyn Emerson did suffer severe and serious bodily injuries as a direct and proximate cause and result of the defendant's negligence as stated above and otherwise was caused significant brain injury and cognitive loss as well as other significant bodily injuries, emotional distress and mental anguish, and other damages and losses, including, but not limited

to, pain and suffering, numerous medical procedures and therapies, large and continuing medical expenses, lost earning capacity, loss of enjoyment of life, the costs and expenses of litigation, and that the plaintiffs will continue to suffer the damages and losses of all of the same for a long time in the future.

THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

WHEREFORE, the plaintiffs, Kaitlyn Emerson b/p/n/f Janice Emerson and Ronald Emerson and Christopher Emerson b/p/n/f Janice Emerson and Ronald Emerson and Janice Emerson and Ronald Emerson Individually, pray that this Honorable Court:

A.   Allow the plaintiffs a trial by jury;

B.   Enter judgment in favor of the plaintiffs and against the defendant; and

C.   Allow such further relief as justice and equity require.

RESPECTFULLY SUBMITTED:

Kaitlyn Emerson b/p/n/f Janice Emerson
and Ronald Emerson and Christopher Emerson
b/p/n/f Janice Emerson and Ronald Emerson and
Janice Emerson and Ronald Emerson Individually

By their attorneys:

BOYNTON, WALDRON, DOLEAC,
WOODMAN & SCOTT, P.A.

Dated: May 21, 2007     By:   /s/ Christopher E. Grant
                              Christopher E. Grant, Bar No. 6597
                              82 Court Street, PO Box 418
                              Portsmouth, NH 03802-0418
                              (603) 436-4010